UNITED STATES of America,
Plaintiff,

v.

ONE 1967 FORD 250 ½ TON PICKUP
TRUCK, Serial No. F25YLA35253, its
Tools and Appurtenances, Respondent.

Civ. No. 67–141.

United States District Court
E. D. Oklahoma.

May 2, 1968.

Clifford K. Cate, Jr., Asst. U.S. Atty., Muskogee, Okl., for plaintiff.

Andrew Wilcoxen, Muskogee, Okl., for respondent.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

DAUGHERTY, District Judge.

This cause came on for hearing before the Court without a jury on April 25, 1968, having been regularly set for trial on said date, and none of the parties having demanded a jury trial. The United States of America appeared by Clifford K. Cate, Jr., Assistant United States Attorney, and the claimant, The Union Bank of Mena, Arkansas, and Edna Lois Self appeared by their attorney, Andrew Wilcoxen. After hearing the evidence and being fully advised, the Court makes Findings of Fact and Conclusions of Law as follows:

### FINDINGS OF FACT

1. On or about March 9, 1967, the respondent automobile, one 1967 Ford 250 ½ Ton Pickup Truck, Serial No. F25YLA35253, was used to deposit and conceal nontaxpaid distilled spirits; that such use of said respondent vehicle was in violation of the Internal Revenue Laws of the United States and by reason of the illegal use said automobile was seized by Alcohol & Tobacco Tax officers on May 26, 1967.

2. Prior to administrative forfeiture the case was properly removed to the United States District Court for the Eastern District of Oklahoma; that this and the above facts are sufficient for a finding of forfeiture in regard to the use of said automobile for depositing and

concealing nontaxpaid distilled spirits and to order forfeiture.

3. On January 23, 1967, Attley Edward Self and Edna Lois Self purchased the respondent vehicle herein from B & S Auto Sales of Wickes, Arkansas, by a contract of sale, giving as collateral the said respondent vehicle; and in the course of business The Union Bank of Mena, Arkansas, purchased from B & S Auto Sales the said Sales Contract, which said Contract had been executed by both Attley Edward Self and Edna Lois Self, each being designated as purchaser therein.

4. At the time the loan was made, that is, January 23, 1967, the said Attley Edward Self did have a record and reputation in the locality in which he resided as a violator of the Internal Revenue Laws pertaining to nontaxpaid distilled spirits but that Edna Lois Self did not have a record and reputation as a violator of the Internal Revenue Laws pertaining to nontaxpaid distilled spirits.

## CONCLUSIONS OF LAW

1. The Union Bank of Mena, Arkansas, had a valid and existing lien on the One 1967 Ford 250 ½ Ton Pickup Truck, Serial No. F25YLA35253.

2. Because of the use of said motor vehicle for depositing and concealing nontaxpaid distilled spirits in violation of the Internal Revenue Code, said vehicle should be forfeited to the United States of America.

3. Inasmuch as Attley Edward Self appeared as a purchaser upon the Contract of Sale which said instrument was the basis of the bank's interest in the respondent vehicle, the said claimant bank was required by statute (18 U.S.C. § 3617) to inquire as to the record and reputation of both Attley Edward Self and Edna Lois Self, and having failed so to do, the said bank is bound by the information that such an inquiry would have revealed, to-wit: that Attley Edward Self had both a record and reputation as a liquor law violator in the locality of his residence at the time the

bank acquired its interest. The said Attley Edward Self as a named purchaser of the said pickup truck in the Contract of Sale with the truck listed therein as collateral for the obligation of payment contained in said Contract of Sale is deemed to be a person having a "right with respect to such vehicle." Said Attley Edward Self would definitely have the right to cause said vehicle to be applied against his obligation to pay under said Contract of Sale. The fact that title to said vehicle was issued to Edna Lois Self alone is not controlling. Accordingly, the said Claimant, The Union Bank of Mena, Arkansas, is not entitled to remission and the claim should be denied.

4. The application filed herein by the Administrator of General Services of the United States Government for delivery of the respondent vehicle to the Regional Commissioner, Internal Revenue Service, Treasury Department, Dallas, Texas, should be granted.